900 F.2d 260
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roger A. McINTYRE, Plaintiff-Appellant,
v.
MK-FERGUSON COMPANY, Defendant-Appellee.
 No. 89-3608.
 United States Court of Appeals, Sixth Circuit.
 April 18, 1990.
 
 Before BOYCE F. MARTIN, Jr. and NATHANIEL R. JONES,* Circuit Judges, and ROBERT E. DeMASCIO, Senior District Judge.**
 PER CURIAM.
 
 
 1
 Roger A. McIntyre appeals the district court's grant of summary judgment to the defendant, MK-Ferguson Co. in this diversity case interpreting an employment contract under Ohio law.
 
 
 2
 In 1982, McIntyre interviewed with MK-Ferguson Co. to obtain a sales representative position. During his series of interviews with MK-Ferguson, McIntyre interviewed with Joseph Rutkowski, MK-Ferguson's Director of Marketing. According to McIntyre, Rutkowski told him that the position was a "career" position, that the company was not interested in a casual relationship with the representative, and that as along as the representative was productive and effective, there would be a need for him. Rutkowski testified that a salesperson's first year is generally a "washout" in terms of generating work for the company and that he informed McIntyre that MK-Ferguson was not interested in "job-hoppers".
 
 
 3
 On July 8, 1982, Kevin Tobin, MK-Ferguson's Director of Personnel, phoned McIntyre and offered him the position of Manager of Business Development. McIntyre accepted. This conversation was confirmed by a letter mailed the same day.
 
 
 4
 In 1985, William Jones, McIntyre's supervisor, indicated deficiencies in McIntyre's performance. On December 1, 1986, McIntyre met with Tobin and Jones and was informed that he was terminated because it was economically unfeasible to employ him in view of his level of contribution. Tobin told McIntyre that the termination would be described as a reduction in force to make it easier for McIntyre to collect unemployment compensation.
 
 
 5
 On February 27, 1987, McIntyre filed a complaint alleging that MK-Ferguson breached its express and/or implied contract of employment when it discharged him. McIntyre's complaint was chiefly based on Rutkowski's statements that MK-Ferguson wanted something more than a "job-hopper". According to McIntyre, Rutkowski's statements gave McIntyre more than an at-will contract with MK-Ferguson. McIntyre also alleged that under the doctrine of promissory estoppel, MK-Ferguson was estopped to deny that McIntyre had a contract of employment with MK-Ferguson.
 
 
 6
 On November 15, 1988, MK-Ferguson filed a motion for summary judgment which stated that Rutkowski's comments were insufficient as a matter of law to create an employment contract which cannot be terminated by either party at will. On June 5, 1989, the district court granted the motion, finding that Rutkowski's comments did not create an oral contract for employment which can only be terminated for cause and that McIntyre's alleged reliance on the comments was not reasonable or foreseeable.
 
 
 7
 McIntyre first appeals the district court's grant of summary judgment on the ground that a genuine issue of material fact exists on the issue of whether an oral contract existed between the parties. We engage in a de novo review of the district court's grant of summary judgment. Berlin v. Michigan Bell Tele. Co., 858 F.2d 1154, 1161 (6th Cir.1988). Hence, we determine, in the light most favorable to the non-moving party, whether any issue of material fact existed in the record below and whether MK-Ferguson was entitled to a judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-324 (1986); Berlin, 858 F.2d at 1161; Hand v. Central Transport, 779 F.2d 8, 10 (6th Cir.1985). The alleged dispute of fact centers over whether the statements by Rutkowski constitute the sort of oral promise that removes the employment contract between MK-Ferguson and McIntyre from the presumption of being an at-will employment.
 
 
 8
 Under Ohio law, unless otherwise agreed, either party to an oral employment-at-will agreement may terminate the employment relationship for any reason which is not contrary to law." Mers v. Dispatch Printing Co., 19 Ohio St.3d 100, ----, 483 N.E.2d 150, 153 (1985). "Generally speaking, a contract for permanent employment, for life employment, or for other terms purporting permanent employment, where the employee furnishes no consideration additional to the services incident to the employment, amounts to an indefinite general hiring terminable at the will of either party, and a discharge without cause does not constitute a breach of such contract justifying a recovery of damages." Henkel v. Educ. Research Council, 45 Ohio St.2d 249, 344 N.E.2d 118 (1976).
 
 
 9
 In Mers, the Ohio Supreme Court noted that exceptions existed to the general presumption that an employment contract is an at-will agreement. 483 N.E.2d at 153-154. The Court stated that the facts and circumstances surrounding an at-will agreement should be considered to ascertain what took place at the time of the agreement, the parties' intent, and the existence of express or implied contractual provisions which may alter the terms of the agreement. Id. at 154. Employment custom, course of dealing, employee handbooks, company policy, and oral representations are all factors to be considered in the determination that an at-will contract was or was not formed. Id.
 
 
 10
 McIntyre has seized upon this language to claim that because his contract was oral, then summary judgment was precluded until a jury could consider the full nature of the proceedings. However, McIntyre has failed to allege any company policy or course of dealing precluding summary judgment. He has relied only on his assertion that Rutkowski's statements created an oral contract which only allowed his dismissal if the industry's market failed to exist or his performance was unproductive and ineffective. We find that the language utilized by Rutkowski, which is not in dispute, is the sort of general promise of permanent employment held by the Ohio Supreme Court in Henkel to amount to an indefinite general hiring terminable at the will of either party. Thus, there is no genuine issue of material fact and MK-Ferguson was entitled to a summary judgment as a matter of law on the construction of the alleged oral contract between the parties.
 
 
 11
 McIntyre also contends that the award of summary judgment was improper because a genuine issue of material fact exists as to whether the doctrine of promissory estoppel applies to this case. McIntyre correctly asserts that promissory estoppel is an exception to the presumption that an employment agreement is at will. See Mers, 483 N.E.2d at 154. McIntyre contends that promissory estoppel must be decided by a jury. Apparently, this assertion stems from the analysis of whether the person relying on the promise acted reasonably. While reasonableness is generally a factor for a jury to consider, McIntyre overlooks the necessity of first proving a promise on which he relied. The elements of a promissory estoppel claim are:
 
 
 12
 1) A promise clear and unambiguous in its terms.
 
 
 13
 2) Reliance by the party to whom the promise was made.
 
 
 14
 3) The reliance must be reasonable and foreseeable.
 
 
 15
 4) The party claiming estoppel must be injured by the reliance.
 
 
 16
 Cohen & Company, C.P.A.'s v. Messina, 24 Ohio App.3d 22, 26, 492 N.E.2d 867, 872 (Ohio App.1985) (citing cases).
 
 
 17
 In Mers, the Ohio Supreme Court stated that the effect of the promise made by the employer on the employee and the reasonableness of the acts flowing from that promise were questions of fact for jury determination. 483 N.E.2d at 154-155. However, in Mers and a recent Ohio case upholding that doctrine, Kelly v. Georgia-Pacific Corp., 46 Ohio St.3d 134, 545 N.E.2d 1244 (1989), specific promises and other evidence, such as statements in employee handbook, were introduced in the record in support of the promissory estoppel claim. Likewise, in Helmick v. Cincinnati Word Processing, Inc., --- Ohio St.3d ----, ----, --- N.E.2d ----, ---- (1989), the plaintiff provided ample evidence regarding promises made by the employer regarding her job security and the fact that the employer induced her to forego several job opportunities she was pursuing at the time of her interviews. Moreover, the Court noted that specific promises had been made to Helmick by the employer. McIntyre has failed to introduce any evidence of specific promises made by MK-Ferguson. As was brought out at McIntyre's deposition, MK-Ferguson's employee handbook clearly states that the company and the employee have the right to terminate the employment relationship for any reason. In this case, at best, Mr. Rutkowski's statements were general positive statements about McIntyre's potential career future with MK-Ferguson, not clear and unambiguous promises.
 
 
 18
 Again, no issue of material fact was raised by McIntyre on this issue, and the district court properly concluded that summary judgment for MK-Ferguson was appropriate as a matter of law. While the district court stated that McIntyre's reliance was unreasonable and unforeseeable, we do not reach that analysis because we do not find a clear and unambiguous promise made by MK-Ferguson. Consequently, we affirm for reasons other than those stated by the district court. Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam).
 
 
 19
 We affirm the district court's award of summary judgment to MK-Ferguson.
 
 
 
 *
 Judge Jones did not participate in the decision in this case. See 28 U.S.C. Sec. 46(d)
 
 
 **
 The Honorable Robert E. Demascio, Senior United States District Judge for the Eastern District of Michigan, sitting by designation